IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01700-BNB

JOEL STOVALL,

    Applicant,

v.

R. LIND, AVCF Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

___

ORDER OF DISMISSAL
___

    Applicant, Joel Stovall, is in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Ordway, Colorado. Applicant initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on June 18, 2014. Applicant claims he was denied effective assistance of counsel and was subjected to a coerced plea and an excessive sentence. Application, ECF No. 1, at 5-7.

    On July 8, 2014, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Response on July 22, 2014. Applicant did not reply to the Pre-Answer Response.

    The Court must construe liberally the Application because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not "assume the role of advocate for the *pro se* litigant."  *See Hall*, 935 F.2d at 1110.

Applicant pled guilty on November 2, 2001, to first degree murder and at least nineteen other lesser charges in Case No. 01CR409 in the Fremont County District Court in Cañon City, Colorado, Application at 2; Pre-Answer Resp., App. A, ECF No. 10-1, at 1-18, and was sentenced to life without parole plus 896 years on the same day, Application at 2; Pre-Answer Resp., ECF No. 10-2, App. A, at 5.  The prosecution appealed the trial court's denial of their motion for restitution, which was denied by the Colorado Court of Appeals (CCA) as untimely.  Pre-Answer Resp. ECF No. 10, at 3.  The Colorado Supreme Court (CSC) granted a writ of certiorari review, but dismissed the certiorari proceeding as "improvidently granted" on November 18, 2003.  Pre-Answer Resp., App. F, ECF No. 10-7.

Applicant then filed a Colo. R. Crim. P. 35(c) postconviction motion on June 6, 2007, *see* Pre-Answer Resp., App. A, ECF No. 10-2, at 1, and a Colo. R. Crim. P. 35(a) postconviction motion while the Rule 35(c) postconviction motion was pending, which was denied on January 21, 2009, *see id.* ECF No. 10-1, at 24-25.  Subsequently, the Rule 35(c) postconviction motion was denied on October 9, 2009.  *Id.* at 20-21.  Applicant filed an appeal; the CCA affirmed the denial; and the CSC denied certiorari review on November 12, 2013.  *Id.*, Apps. B and D, ECF Nos. 10-3 and 5.

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents assert that they found no case addressing whether a prosecution appeal of a restitution order extends the date of finality for purposes of § 2244(d)(1)(A), but even if the time was tolled during Respondents' appeal this action still is time-barred.

Based on the following findings, the Court will dismiss the action because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

The prosecution had ninety days to petition the United States Supreme Court after the Colorado Supreme Court denied the appeal on November 18, 2003. *See* Sup. Ct. R. 13.1.  Therefore, figuring from November 19, 2003, the day after the writ for certiorari was denied, Applicant's conviction became final February 16, 2004, when the

time for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Applicant does not allege in the Application or the Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his claims or that there were any impediments to filing an application regarding his claims that were created by state action. *See* § 2244(d)(1)(B) and (C). He does, however, assert that he did not know until December 14, 2006, about his attorneys' "massive failures" to investigate and that is when he began to research Rule 35(c). Application at 5. Nonetheless, there is no basis for finding that he could not have discovered the factual predicate for this claim because the factual predicate took place at the time of his conviction. Therefore, the time for purposes of § 2244(d) began to run on February 17, 2004.

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a

post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).  A motion for relief pursuant to Rule 35 tolls the statute of limitations if the state court treats the motion as a motion for postconviction relief, *Habteselassie*, 209 F.3d at 1213, and if the motion requests appointment of new counsel, seeks postconviction relief, and states adequate grounds for relief, *see Pursley v. Estep, et al.*, 216 F. App'x 733, 734 (10th Cir. 2007).

Applicant asserts in the Application that on July 14, 2003, he filed a motion to withdraw his plea, but the court did not liberally construe the filing as a postconviction motion or reply to Applicant regarding the motion.  Application at 5.  He further asserts that he filed another motion on May 8, 2006, that was ignored.  Nothing in the state court registry, Pre-Answer Resp., Apps. A, ECF Nos. 10-1 and 2, indicates the court treated either of the letters Applicant submitted on July 14, 2003, and May 8, 2006, as postconviction motions; and nothing Applicant asserts demonstrates that the letters he filed on July 14, 2003, and May 8, 2006, should have been treated as postconviction motions by the court.  Also, from July 15, 2003, until May 8, 2006, and from May 9, 2006, until June 6, 2007, there is nothing on the registry that indicates Applicant inquired as to why the court failed to construe the letters as postconviction motions.  Furthermore, Applicant did not reply to Respondents' Pre-Answer Response and disagree with their assertion that he did not file a postconviction motion until June 6, 2007.

The Court, therefore, finds that the time for purposes of § 2244(d) was not tolled from February 17, 2004, the day after Applicant's conviction and sentence was final, until June 5, 2007, the day before he filed his first postconviction motion, a total of **1205**

days. Accordingly, unless equitable tolling applies, the Application is time-barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

On Page Seven of the Application form, under the "Timeliness of Application" section, Applicant is asked to explain why the Application is not barred by the one-year limitation period in § 2244(d). Applicant did not provide an explanation nor, as stated above, did he take advantage of the opportunity to address the time bar issue by replying to the Pre-Answer Response. The Court, therefore, will dismiss this action with prejudice as time-barred. *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (dismissal as time barred operates as a dismissal with prejudice).

Because the action clearly is time-barred, the Court will refrain from addressing any exhaustion issues.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied

for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   29th   day of    August         , 2014.

BY THE COURT:


　　s/Lewis T. Babcock　　　　　　
LEWIS T. BABCOCK, Senior Judge
United States District Court